Juan Alpizar MARTINEZ; et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–73913.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 15, 2008.

Marc A. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Se-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

curity, San Francisco, CA, David V. Bernal, Colette J. Winston, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioners challenge a Board of Immigration Appeals' ("BIA") order denying their motion to reopen and reconsider.

We review the denial of motions to reopen and reconsider for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). Regulations provide that a motion to reopen must be filed no later than 90 days after the date the final administrative order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2). Regulations further provide that a party may file only one motion to reconsider and it must be filed within 30 days of a BIA decision. *See* 8 C.F.R. § 1003.2(b)(2). The BIA did not abuse its discretion in denying the motion to reopen and reconsider because the BIA entered the final administrative order of removal on May 3, 2007, and the instant motion to reopen and reconsider was not filed until August 16, 2007. In addition, the BIA did not abuse its discretion by denying the motion to reconsider as number-barred because the record demonstrates that petitioners had filed a prior motion to reconsider. Respondent's motion for summary disposition

is granted in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam). Accordingly, this petition for review is denied in part.

This court lacks jurisdiction to consider petitioners' challenge to the BIA's decision not to exercise its discretionary authority to reopen sua sponte. *See Ekimian v. INS,* 303 F.3d 1153, 1158–59 (9th Cir. 2002). Accordingly, the petition for review is dismissed in part.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.